# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br><br>NICHOLAS J. STEBER dob xx-xx-86<br><br>*Defendant(s)* | ) ) ) ) Case No. 19-M- 725 ) ) ) ) |

U.S. District Court
Wisconsin Eastern
AUG 2 0 2019
FILED
Stephen C. Dries, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **September 19, 2017** in the county of **Florence** in the **Eastern** District of **Wisconsin & elsewhere**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. | distributed a mixture and substance containing heroin, a Schedule 1 controlled substance, resulting in the death of D.H. |

This criminal complaint is based on these facts:
See Attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Oconto County Investigator Justen Ragen
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/20/19

_____
*Judge's signature*

City and state: Green Bay, Wisconsin

Honorable Jame R. Sickel
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT & ARREST WARRANT

Justen Ragen, being first duly sworn, states that:

## Background

1. I am currently employed as an Investigator with the Oconto County Sheriff's Office and have been so employed since September 2015. I have been employed with the Oconto County Sheriff's Office since 2008 and have been a law enforcement officer since 2007. As a part of my current duties as an Investigator, I investigate both state and federal drug cases including violations of Title 21 of the U.S. Code. I have also assisted with investigations involving violations of federal firearms laws and money laundering laws (Title 18, United States Code, §§ 922, and 924 and Title 18, United States Code, §§ 1956 and 1957) and other related offenses.

## Basis for Information in Affidavit

2. The information contained in this affidavit is based upon my personal knowledge and investigation, and information supplied to me by other law enforcement officers including the Dickenson County Sheriff Department and Michigan State Police, all of whom I believe to be truthful and reliable. Based on my investigation and the information supplied to me by other law enforcement personnel, I have probable cause to believe the following regarding Nicholas J. Steber d.o.b. XX/XX/86.

## Facts Establishing Probable Cause

3. On September 19, 2017, at approximately 10:20 a.m., Michigan State Police responded to the D.H. residence in Iron county MI in response to a call that D.H. had overdosed in his bedroom. Law enforcement located a hypodermic needle on the ground near his body as well as a metal spoon, lighter, and paper packet containing suspected heroin. Family members

1

confirm that D.H. was at the residence the entirety of the previous day and did not seem under the influence of a controlled substance. They advised that D.H. had previously used controlled substances, was dependent on family members for all transportation, and thus could not have obtained controlled substances other than through Adult Female 1 who came to the residence in the early evening the previous day and stayed for several hours. D.H's mother advised that she spoke with D.H. at approximately midnight and believed he was sober. She witnessed him under the influence of drugs on prior occasions and advised that D.H. had been sober for the last several years, was meeting with his parole officer, and working on a regular basis. She believed that Adult Female 1 was the only possible source for the heroin.

4. Deputy Medical Examiner Steven Gagnea responded to the residence. His autopsy revealed a single injection site mark on D.H.'s left arm. The lab report for D.H.'s blood/urine show the metabolites of heroin (6-MAM and morphine). There were no other controlled substances detected in the blood/urine. The Michigan State Police-Forensic Science Division tested and confirmed that heroin was found in the paper bindle next to D.H.

5. Law enforcement received consent to search D.H's cell phone for evidence supporting the overdose. The search identified several pertinent text messages between D.H. Adult Female 1, and Steber. The messages make clear that D.H. and Steber are friends that regularly go to the casino and local restaurants. Starting at least several days before the overdose, D.H. sent text messages to Steber and several others asking for pills and "down." On September 13, 2017, D.H. messaged Steber that "just got home, find something good for tomorrow." Steber responded "like the same thing." D.H. advised "Stronger. Big boy shit." Several days later D.H. responded "5" and Steber responded "k." D.H. then asked Steber if he could "cover it for me till tomorrow." Steber

2

Case 1:19-cr-00183-WCG   Filed 08/20/19   Page 3 of 5   Document 1

stated that he could. In later conversation D.H. confirmed that Steber obtained 'that big boy bike from the city." On September 16, 2017, Steber indicated he was able to meet with D.H. but D.H. could not "figure out a reason to tell my dad I need to come see u." Because Steber lived some distance from him, D.H. offered Steber money if he would drive to D.H.'s residence.

6. On September 18, 2017, in the afternoon hours, Adult Female 1 contacted D.H. and advised she would travel from Oconto County to Iron County to socialize with D.H. D.H. then arranged for Adult Female 1 to meet Steber in Florence County (WI) at a restaurant. Steber asked D.H. if "she got the cash to cover." D.H. responded "I know she don't, come up lets go to the casino." D.H. told Adult Female 1 that "you know nick right." Adult Female 1 responded "Idek. Maybe" and D.H. indicated "he knows you." At 5:55 pm Adult Female 1 indicated "I'm omw to u now. I fuckin hate wen shits in my car." On September 19, 2017 at 12:48, D.H. sent a message to Adult Female 1 asking if "U make it to town safely." She responded "yes I did." At 1:11 a.m., D.H. responded that he "had a lot of fun tonight" and "I'll get ahold of you tomorrow when im in town goodnight for now. D.H. did not contact anyone else after this exchange with Adult Female 1 and was found in his room later that morning.

7. On February 1, 2019, law enforcement interviewed Adult Female 1. She admitted being on probation since June 2018 for possession of a controlled substance. Adult Female 1 stated that she had been a heroin addict for five years but currently was sober. Adult Female 1 stated that she used heroin with D.H. prior to him going to prison. Adult Female 1 admitted that at D.H's direction, she met with a male and obtained a cigarette pack from him that likely contained controlled substances. Adult Female 1 stated she did not recognize the guy. Once at D.H.'s residence, she provided him with the pack. D.H. did not use any drugs while she was with him that

3

night. Adult Female 1 learned the following day that D.H. overdosed. Adult Female 1 later advised law enforcement that the person she met with to get the heroin she then gave to D.H. was Nick Steber. Adult Female 1 stated she only met with Steber for a very short time that day and was not able to pick him out of a later given photo lineup.

8. Based upon the foregoing information, I know there is probable cause to believe that Nicholas J. Steber distributed a mixture and substance containing a detectable amount of heroin, a Schedule 1 controlled substance, resulting in the death of D.H., in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

9. Because this affidavit is offered for the limited purpose of supporting the criminal complaint and arrest warrant for Nicholas J. Steber, I have not set forth every fact known to me regarding this incident. Rather, I have included only those facts which I believe establish probable cause.

Affiant Justen Ragen
Narcotics Investigator
Oconto County Sheriff's Office

Subscribed and sworn to before me
this 20 day of August, 2019.

Notary Public
My commission expires: _____.